UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAMES M. ANDERSON, | Case No. 6:25-cv-00301-MC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| JOHN BAILEY, Chairperson, Board of Parole and Post-Prison Supervision, | |
| Defendant. | |

MCSHANE, Chief Judge.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that his rights against the application of *ex post facto* laws were violated when the Oregon Board of Parole and Post-Prison Supervision (the Board) imposed conditions of parole rather than post-prison supervision (PPS) after his release from incarceration. Plaintiff seeks declaratory and injunctive relief requiring Defendant to modify the terms of Plaintiff's supervision to PPS rather than parole supervision.

1   - OPINION AND ORDER

Defendant moves for dismissal of this action on grounds that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, or, alternatively, that this action is barred by the statute of limitations and issue preclusion. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

In January 1997, Plaintiff was convicted of Murder under Or. Rev. Stat. § 163.115. The trial court imposed a sentence of life with a mandatory minimum of twenty-five years' imprisonment and lifetime PPS upon Plaintiff's release from incarceration. Compl. ¶¶ 6, 7 (ECF No. 11).

At the time Plaintiff committed his offense, the Board "lacked authority to parole persons convicted of murder under ORS 163.115" and "a life sentence under ORS 163.115(5)(a) was, in effect, a 'true life' sentence—that is, a life sentence without the possibility of parole." *State v. Hubbard*, 290 Or. App. 640, 642, *rev. denied*, 363 Or. 283 (2018). In 1999, the Oregon Legislature "enacted legislation that grants the Board express authority to parole a person who has been convicted of murder under ORS 163.115, regardless of the date the crime was committed. Or. Laws 1999, ch. 782, § 2." *State v. Haynes*, 168 Or. App. 565, 567, *rev. denied*, 331 Or. 283 (2000).

On July 11, 2022, the Board found that Plaintiff was eligible for release from incarceration and issued an Order of Supervision Conditions specifying "LIFETIME PAROLE SUPERVISION." Compl. ¶ 8; Kelley Decl. Ex. 1 at 50 (ECF No. 17). On July 21, 2022, Plaintiff was released from prison. Compl. ¶ 10.

Plaintiff sought administrative review of the Board's decision. Plaintiff argued that the judgment of the trial court sentenced him to lifetime PPS rather than parole and the Board's

2   - OPINION AND ORDER

decision to impose parole conditions constituted *ex post facto* violations of the Oregon and United States Constitutions. *Id.* ¶ 9; Kelley Decl. Ex. 1 at 52-54.

On October 13, 2022, the Board denied Plaintiff's administrative challenge:

> On the date you committed murder, Oregon law provided that the penalty for murder was life imprisonment, and the Board lacked any authority to authorize any kind of release. State v. Giles, 254 Or App 345 (2012). On October 23, 1999, the Legislative Assembly amended ORS 163.115(5) to authorize the possibility of parole "regardless of the date of the crime," which had the ameliorative effect of authorizing the Board to exercise parole authority over you. See Or Laws 1999, ch 782, § 2…. In light of that 1999 legislation, the Board has express statutory authority to impose conditions of parole under ORS 144.270 for your murder sentence. Or Laws 1999, ch 782, § 2.

Kelley Decl. Ex. 1 at 55-56; Compl. ¶¶ 11-12.

Plaintiff sought judicial review of the Board's final order and raised the following issues: (1) whether the Board erred by ordering Plaintiff's release on parole instead of PPS; and (2) whether the Board violated *ex post facto* provisions of the State and Federal Constitutions by retroactively applying Or. Laws 1999, chapter 782, § 2 to impose conditions of parole supervision. Kelley Decl. Ex. 1 at 16, 37; Compl. ¶ 14.

Citing *Haynes* and *Hubbard*, the Oregon Court of Appeals affirmed the Board's final order in a *per curiam* memorandum opinion, and the Oregon Supreme Court denied review.[1]

---

[1] In *Haynes*, the Oregon Court of Appeals rejected the defendant's *ex post facto* argument and held that Or. Laws 1999, chapter 782, § 2 could be applied retroactively to convictions for murders that were committed before the legislation's enactment:

> [T]he statute in force at the time defendant committed the crime mandated an "imprisonment for life" sentence on a conviction of murder. Under the current statute, defendant faces the possibility of parole upon completion of the minimum term. Plainly the statute is ameliorative, and its application to defendant presents no *ex post facto* violation.

*Haynes*, 168 Or. App. at 568. *Hubbard* reiterated that Or. Laws 1999, chapter 782, § 2 was retroactive and authorized the Board to parole defendants who committed murder before the legislation was enacted. *Hubbard*, 290 Or. App. at 643-44.

3   - OPINION AND ORDER

*Anderson v. Bd. of Parole & Post-Prison Supervision*, 2024 WL 962210, at *1 (Or. App. Mar. 6, 2024), *rev. denied*, 373 Or. 154 (2024); Kelley Decl. Exs. 4-5, 8; Compl. ¶ 15.

On February 24, 2025, Plaintiff filed a federal habeas action in this Court under 28 U.S.C. § 2254 and, as he did before the Oregon appellate courts, alleged that the Board violated the *Ex Post Facto* Clause of the United States Constitution by retroactively applying Or. Laws 1999, chapter 782, § 2 and releasing him on parole rather than PPS. *See* Pet. for Writ of Habeas Corpus (ECF No. 1).

Before Defendant filed an Answer, Plaintiff moved to convert his habeas corpus Petition to a civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff's unopposed motion and Plaintiff filed a Complaint under § 1983 alleging an *ex post facto* claim arising from the Board's decision to release Plaintiff on parole.

## DISCUSSION

Plaintiff claims that his release to parole supervision rather than PPS "disadvantages" him and exposes him to a "risk of greater punishment" in violation of his right against the application of *ex post facto* laws. Compl. ¶ 29. Plaintiff argues that parole supervision is more onerous than PPS because 1) the Board may shorten a lifetime PPS term to as little as three years and has no authority to shorten lifetime parole, and 2) a parole violation may result in imposition of the original life term of incarceration while a PPS violation may result in a sanction of no more than 180 days' incarceration. *Id.* ¶¶ 27, 28; Or. Admin. R. 213-005-0004(1) (providing that "[t]he term of post-prison supervision for an offender serving a sentence for murder…shall be for the remainder of the offender's life, unless the Board finds a shorter term appropriate. In no case shall the term of supervision be less than three years."). Accordingly, Plaintiff seeks declaratory

4    - OPINION AND ORDER

and injunctive relief requiring Defendant to comply with the judgment imposed in Plaintiff's criminal case and modifying Plaintiff's release to PPS rather than parole. Compl. pp. 6-7.

Defendant moves for dismissal on grounds that this action is a *de facto* appeal of the Oregon Court of Appeals' affirmance of the Board's decision and this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Alternatively, Defendant argues that Plaintiff's § 1983 claims are barred by the statute of limitations and the doctrine of issue preclusion. *See* Def.'s Mot. to Dismiss (ECF No. 16).

In response to Defendant's motion, Plaintiff requests that this case be converted *back* to a habeas corpus action under § 2254. Plaintiff now argues that his "original 28 USC § 2254 habeas corpus petition appears to have been the correct forum to address his claim...because the validity of his judicially imposed sentence is implicated or, alternatively, the lawfulness of his current release in on parole." Pl.'s Resp. to Mot. Dismiss at 1 (ECF No. 19). If this action is converted back to a § 2254 action, the principles of *Rooker-Feldman* and issue preclusion would not apply and the statute of limitations would likely be met. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) ("It is well-settled that the *Rooker-Feldman* doctrine does not touch the writ of habeas corpus."); *see also* 28 U.S.C. § 2254(d)(1) (authorizing *de novo* federal habeas review of a state court decision if the decision is "contrary to" or "an unreasonable application of" clearly established federal law); *id.* § 2244(d)(l)(A) (establishing the statute of limitations for federal habeas actions).[2]

---

[2] A one-year statute of limitations applies to § 2254 actions and begins to run when the challenged decision is final and direct review proceeding have concluded. 28 U.S.C. § 2244(d)(l)(A). Direct review of the Board's decision concluded on December 19, 2024, when the Oregon Supreme Court denied review of the Oregon Court of Appeals' affirmance of the Board's decision, and Plaintiff filed his original § 2254 Petition on February 24, 2025.

5    - OPINION AND ORDER

I find that the habeas Petition was properly converted into a § 1983 action because Plaintiff's *ex post facto* claim does not seek his earlier release from supervision and does not fall within the core of habeas corpus. I further find that Plaintiff's § 1983 claim is an impermissible *de facto* appeal of the Oregon Court of Appeals' decision and is also untimely and barred by issue preclusion.

A. <u>Plaintiff's Claim Does Not Sound in Habeas</u>

An adult in custody (AIC)[3] has two available avenues to challenge an allegedly unconstitutional confinement: a civil rights action under § 1983 or a habeas corpus action under § 2254. An AIC may proceed under § 1983 if success on the asserted claim would not "necessarily imply the invalidity" of a conviction or sentence and the requested relief does not seek "immediate or speedier release into the community." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (quoting *Wilkinson*, 544 U.S. at 82); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (*en banc*) (concluding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). Conversely, when an AIC "is challenging the very fact or duration" of custody, "and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from" custody, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[3] Parole supervision typically qualifies as "custody" under § 2254. *Comstock v. Humphries*, 786 F.3d 701, 704 n.1 (9th Cir. 2015) (stating that "persons on parole are also 'in custody' for purposes of § 2254").

6   - **OPINION AND ORDER**

Plaintiff's *ex post facto* claim does not sound in habeas. First, Plaintiff does not challenge the legality of his conviction or the duration of his supervision term and instead seeks to enforce the judgment that imposed lifetime PPS. *See* Compl. ¶ 30 ("Because Plaintiff was sentenced to post-prison supervision for life, any decision in his favor would not invalidate or shorten his actual sentence but would, in fact, affirm his actual sentence.").[4] Second, even if Plaintiff prevailed in this action, the Board would change only how it executes Plaintiff's sentence and he would remain subject to lifetime supervision. Consequently, success on Plaintiff's claim would not invalidate his sentence, result in his release from custody, or significantly affect his level of custody.

The fact that Plaintiff could potentially seek a shorter term of supervision under PPS does not bring his claim within the core of habeas. At most, success on Plaintiff's claim could lead to the Board's "consideration" of a shorter PPS term at some unspecified time and would not necessarily result in Plaintiff's earlier release from supervision. *Wilkinson*, 544 U.S. at 82 (finding a § 1983 action appropriate where success on the claim would result in eligibility for parole review, "which at most will speed *consideration* of a new parole application"). Thus, the connection between Plaintiff's claim and his release from custody is simply "too tenuous" to fall within the core of habeas corpus. *Id.* at 78; *Nettles*, 830 F.3d at 934-51 (holding that claims challenging disciplinary proceedings would not necessarily affect the length of time to be served and fell outside of habeas corpus review); *see also Borstad v. Hartley*, 668 Fed. App'x 696, 697

---

[4] Plaintiff's Motion to Convert the Petition to a § 1983 action similarly argued that his claims "seek to enforce his court-imposed sentence of lifetime post-prison supervision," and "if successful would not 'necessarily lead to his immediate or earlier release from confinement[,]' i.e., the post-incarceration term of his sentence, because he would remain on life post-prison supervision until and unless the Board shortens that term[.]" Mot. to Convert at 3-4. Thus, Plaintiff asserted that his claims do not fall within the core of habeas corpus and "habeas corpus is unavailable to address" his claims. *Id.*

7     - **OPINION AND ORDER**

(9th Cir. 2016) (holding that claims based on the length of time between parole hearings "would not necessarily result in a shortening of their sentences" and did not sound in habeas).

Thus, Plaintiff's claim is properly brought under § 1983 and I decline Plaintiff's request to reinstate his habeas Petition.

B. Plaintiff's § 1983 Action Is Barred by the *Rooker-Feldman* Doctrine

Defendant argues that Plaintiff's § 1983 action is an impermissible *de facto* appeal of the Oregon Court of Appeals' judgment because it seeks to relitigate the same *ex post facto* claim that was rejected by the Oregon appellate courts. Thus, Defendant contends that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over cases that directly challenge a state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Likewise, if a federal action raises issues that are "inextricably intertwined" with those decided by a state court, it is a *de facto* appeal from a state court judgment and this Court lacks jurisdiction. *Noel*, 341 F.3d at 1157 (explaining that, if a federal claim "was 'inextricably intertwined' with an issue resolved by the local court in its judicial decision, the federal district court could not address that issue, for the district court would be, in effect, hearing a forbidden

8   - OPINION AND ORDER

appeal from the judicial decision of the local court"); *see also Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012). Claims are "inextricably intertwined where 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

Plaintiff contends that *Rooker-Feldman* does not apply because he files suit against Defendant, "a state official," and does not allege harm arising from the Oregon Court of Appeals' decision itself. Pl.'s Resp. to Mot. Dismiss at 6. Plaintiff thus argues that his § 1983 action challenges "Defendant's actions in retroactively applying Or Laws 1999, chapter 782 and not any state-court judgment." *Id*. at 7; *see Noel*, 341 F.3d at 1163 (stating that "where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction"). I am not persuaded.

Plaintiff does not sue Defendant in an individual capacity based on an alleged wrong personally committed by him. Rather, Plaintiff sues Defendant in an official capacity as chairperson of the Board, and a suit against a state official in an official capacity "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see* Compl. ¶ 1 ("Plaintiff brings this suit against Defendant in his official capacity for declaratory and injunctive relief."). Moreover, Plaintiff seeks a declaration that the Board's retroactive application of Or. Laws 1999, chapter 782, § 2 to impose parole conditions violates the *Ex Post Facto* Clause of the United States Constitution. Compl. p. 6. The Oregon Court of Appeals rejected Plaintiff's *ex post facto* argument, affirmed the Board's decision, and issued judgment accordingly. If Plaintiff succeeded on his § 1983 claim, a corresponding judgment in this Court would necessarily invalidate the Oregon Court of Appeals' decision. "Where federal

9    - OPINION AND ORDER

relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Cooper*, 704 F.3d at 779 (citation omitted).

Thus, this action constitutes a *de facto* appeal of the Oregon Court of Appeals' decision, and this Court lacks jurisdiction over Plaintiff's § 1983 claim. *See Victory v. Bd. of Parole Hearings*, 727 Fed. App'x 422, 423 (9th Cir. 2018) (finding that § 1983 claims alleging legal errors in a state habeas proceeding were barred by the *Rooker-Feldman* doctrine).

C. Plaintiff's Claim is Untimely and Barred by Issue Preclusion

Even if *Rooker-Feldman* does not apply, Plaintiff's claim is untimely and barred by the doctrine of issue preclusion.[5]

A two-year statute of limitations applies to § 1983 claims brought in this district. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Plaintiff challenges the Board's final decision imposing conditions of parole, a decision that was issued on October 13, 2022. Kelley Decl. Ex.

---

[5] Plaintiff does not dispute that his § 1983 claim is barred by the statute of limitations and issue preclusion. Plaintiff argues only that these issues would become moot if the case was converted back to a habeas action. Pl.'s Resp. to Mot. Dismiss at 8.

Alternatively, Plaintiff requests that the Court stay this § 1983 action until final resolution in *Black v. Bd. of Parole & Post-Prison Supervision*, 341 Or. App. 524, *rev. den.,* 374 Or. 523 (2025). *Id.* at 8, 10. There, the Oregon Court of Appeals held that, under Oregon law, an offender who committed Aggravated Murder after 1989 should be released to PPS rather than parole, regardless of Or. Laws 1999, chapter 782. *Black*, 341 Or. App. at 553 (concluding that "that offenders convicted of aggravated murder for crimes committed after November 1, 1989, whose life sentences are converted to life with the possibility of release, are to be released to lifetime PPS, not parole"). Plaintiff contends that the reasoning in *Black* applies to offenders convicted of Murder and undercuts the Board's basis for releasing him to parole, and a stay of this action is appropriate pending review by the Oregon Supreme Court. Pl.'s Resp. to Mot. Dismiss at 13-15. However, the Oregon Supreme Court has denied review in *Black*, and the basis for Plaintiff's request no longer exists. To the extent Plaintiff argues that *Black* supports new claims in this action, Plaintiff has not sought to amend his Complaint.

10   - OPINION AND ORDER

1 at 55-56. Plaintiff did not file suit until February 24, 2025, more than two years after the Board's decision, and his claim is therefore time-barred.

Further, the doctrine of issue preclusion prohibits a party from relitigating the same issue in a subsequent proceeding if five requirements are met:

1. The issue in the two proceedings is identical.
2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.
4. The party sought to be precluded was a party . . . to the prior proceeding.
5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Nelson v. Emerald People's Utility Dist.*, 318 Or. 99, 104 (1993) (citations omitted); *see also In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (explaining that federal courts apply the law of the relevant state to determine the preclusive effect of a state court judgment). Here, Plaintiff raised his *ex post facto* argument before the Oregon appellate courts, and the Oregon Court of Appeals rejected his claim. Plaintiff's claim was actually litigated and essential to the Oregon Court of Appeal's decision, and Plaintiff had a fair opportunity to be heard. Kelley Decl. Exs. 1-7. Accordingly, issue preclusion also bars Plaintiff's *ex post facto* claim.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 16) is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 2nd day of February, 2026.

/s Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

11   - OPINION AND ORDER